———o———

IRA BROWN, Defendant in Error, *vs.* THOMAS. TURNER, Plaintiff in Error.

1. *Landlord and tenant—Emblements, sale of.*—A tenant not indebted for rent, although owing his landlord on other scores, has a right to sell a crop of his own raising.

*Error to DeKalb Circuit Court.*

*S. G. Loring,* for Plaintiff in Error.

The tenant abandoned the premises of his own accord, leaving the corn ripe but standing ungathered on the premises. Under this state of facts the emblements went to the landlord, and plaintiff could get no title to them, as against the defendant, through Taylor. (Brown vs. Thurston, 56 Me., 128 : Tayl. Ld. & Ten., 5 ed., p. 397 ; Greenl. Cr. Real Pr., 253 ; Bear vs. Bretzer, 16 Penn. St. 175 ; Goff vs. Levan, *Id.,* 181 ; White vs. Brown, 78 Lans., [N. Y.] 79 ; Calhoun vs. Curtis, 4 Metc., [Mass.] 415 ; Elliott vs. Powell, 10 Watts, 454 ; Willey vs. Connor, 44 Vt., 68 ; Tripp vs. Hasceig, 20 Mich., 254 ; Creed vs. Kirkham, 47 Ill., 349 ; Bain vs. Clark, 10 Johns. [N. Y.], 424 ; Matthews' Adm'r vs. Tobener, 39 Mo., 119 ; Alles vs. Hinckler, 36 Ill., 277 ; 1 Hill. Mort., 3 ed. p. 180, n. C. ; McLean vs. Bovee, 24 Wis., 295.)

*Strong*, for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

Plaintiff brought suit on two promissory notes. Defendant pleaded as a defense to the action, that plaintiff was indebted to him in a much larger sum for corn sold and delivered by defendant to plaintiff, at the special instance and request of the latter, and judgment was asked for the residue of such amount after satisfying the notes in suit.

Upon trial had, without the intervention of a jury, the claim of the defendant was disallowed, and judgment rendered for the sum claimed in the petition.

The evidence tended to show that the corn was, under the direction of the plaintiff, gathered from the premises of the defendant, by one Glazier, to whom plaintiff had sold it, and also that it was purchased by plaintiff of one Taylor, the defendant's tenant, who, after the corn ripened, and before it was gathered, sold and received payment therefor and delivered possession thereof to plaintiff, and then left the premises.

It is entirely unnecessary to consider the declarations of law asked by defendant, as he failed in any manner to show that the corn was his. Taylor may have been the tenant of defendant, and may have been indebted to him, as the evidence also tended to show; but this indebtedness was not shown to have arisen from rent due, nor was it shown that any rent whatever was due to the defendant from Taylor, who under such circumstances, had a perfect right to sell the crop which he had raised on the premises.

The judgment is affirmed; the other judges concur.