### THEO. MUNIER, Appellant, v. A. E. ZACHARY.

**Conversion:** OFFER TO RETURN THE PROPERTY. After there has been a complete conversion of the property the wrongdoer cannot escape liability, nor lessen the recoverable damages, by an offer to return the same; so that where conversion is alleged and admitted, the defendant only questioning a right of recovery, an instruction that an offer to return by a tender before suit would defeat recovery is erroneous.

**Landlord and tenant:** BREACH OF CONTRACT NOT TO REMOVE STRAW: REMEDY. In the absence of a stipulation to the contrary a tenant for cash rent while in possession of the leased premises is the owner of the straw grown on the farm; and while by the terms of the lease he may not remove it from the land, still the landlord, not having title or right of possession thereto, cannot sue for its conversion: his remedy is damages for breach of a personal covenant or injunction to prevent waste.

**Same:** MEASURE OF DAMAGES. The measure of damages for the breach of a covenant in a lease not to remove straw from the premises, is not ordinarily the value of the straw, but the detriment to the premises by reason of the fact that the same was not used on the premises and allowed to remain as a fertilizer of the soil.

*Appeal from Linn District Court.* — HON. WM. G. THOMPSON, Judge.

TUESDAY, JANUARY 14, 1908.

REHEARING DENIED, SATURDAY, APRIL 11, 1908.

ACTION to recover damages for the conversion of straw removed by defendant, plaintiff's lessee, from the leased premises in violation of a covenant in the lease. There was a verdict for the defendant, and from a judgment thereon plaintiff appeals.— *Affirmed.*

*Voris & Haas,* for appellant.

*W. F. Fitzgarrald,* for appellee.

McCLAIN, J.— Under a lease for five years ending March 1, 1905, the defendant went into possession of plaintiff's farm, and continued in occupation thereof as tenant until the expiration of the term. The lease was in the usual form of printed farm leases, but contained written therein on a blank line these words, " No straw to be removed from the farm." Plaintiff alleged that notwithstanding this express stipulation the defendant did, in August, 1904, " take, remove, and carry away from the said premises, and convert to his own use, straw raised and grown upon said premises, to-wit, thirty tons, and of the aggregate value of, to-wit, $120," and judgment for that amount was asked against defendant. The defendant admitted the execution of the written contract of lease, and " that he removed from the said premises not to exceed eight tons of straw, for his convenience in the care and use of the same, which he had a right to do," and alleged that " the plaintiff had no interest in the straw, except that it was to remain and be consumed on the farm, so that the remnants and rotten remains of the same would stay on the land and serve to fertilize the same." By amendment to his answer defendant averred an offer to return the straw, which plaintiff refused.

I. On the issue as to an offer to return, the court instructed the jury that such offer made before suit was brought and refused by plaintiff would defeat plaintiff's action, and necessitate a verdict for the defendant. This instruction

was clearly erroneous.  After the conversion of property has

**1. CONVERSION:** become complete the wrongdoer cannot escape
**offer to return the property.** liability nor lessen the actual damage recoverable, by a tender back of the property.  *Colby
v. Kimball Co.,* 99 Iowa, 321; *Cernahan v. Chrisler,* 107
Wis. 645 (83 N. W. 778); *Railroad Co. v. O'Donnell,* 49
Ohio St. 489 (32 N. E. 476, 21 L. R. A. 117, 34 Am. St.
Rep. 579); *Carpenter v. Dresser,* 72 Me. 377 (39 Am. Rep.
337); *Hanmer v. Wilsey,* 17 Wend. (N. Y.) 91; *Carpenter
v. American Building & Loan Ass'n,* 54 Minn. 403 (56 N.
W. 95, 40 Am. St. Rep. 345).

There can be no question that plaintiff's action was for
conversion and not for damages for breach of covenant.
Plaintiff expressly alleges the taking, carrying away, and conversion of the straw, and defendant admitting the act questions only plaintiff's right to recover, insisting as a reason
why there should be no recovery that plaintiff had no interest in the straw save to have it remain upon the farm.
This was the theory on which the case was submitted to
the jury; for the court instructed that if plaintiff established
by a preponderance of evidence that defendant converted the
straw without plaintiff's consent the jury should find a verdict in plaintiff's favor for the value of the straw converted.
The court therefore plainly erred in authorizing a verdict
for defendant on the evidence, which the court assumed to be
sufficient to support a finding that defendant offered to return the straw.

II.  It is contended, however, for the appellee that,
even if the instruction be found erroneous, there should be
no reversal for the reason that plaintiff did not allege or

**2. LANDLORD AND TENANT:** prove a conversion, and was not therefore en-
**breach of contract not to remove straw: remedy.** titled to recover.  If under no view of the
case a recovery by plaintiff was authorized,
then we may properly affirm the judgment,
notwithstanding the error in the instructions; for it would
be useless to go through the formality of remanding the case

for a new trial without any possibility that a recovery in favor of appellant could be sustained. *Schaefer v. Anchor Mut. F. Ins. Co.,* 133 Iowa, 206;· *Voorhees v. Arnold,* 108 Iowa, 77; *Whiting v. Root,* 52 Iowa, 292; *Jamison v. Perry,* 38 Iowa, 14; *Dawson v. Wisner,* 11 Iowa, 6. Plaintiff, suing for a conversion, must show at least a possessory right in the property alleged to have been converted, and if he has no right or title whatever he cannot recover. It is to be borne in mind that at the time defendant is alleged to have taken the straw in question from the leased premises he was in full occupation and enjoyment of the premises as tenant, with a right to continue in such occupation and enjoyment for more than six months. It cannot be questioned that during that time he had the sole and exclusive ownership of the straw, with the right to do with it whatever he should see fit, to feed it to his stock, use it for bedding, or otherwise destroy it as straw, subject only to the obligation to answer in damages for a violation of his covenant not to remove it from the farm. The object of the stipulation no doubt was to have it consumed on the premises in the usual methods of farming, in order that the farm should have the benefit, which would accrue to plaintiff after the termination of the lease, of the manure which would result from its ordinary use. *Lewis v. Lyman,* 22 Pick. (Mass.) 437.

It is generally held that manure produced during the tenancy becomes a part of the premises and cannot be removed by the tenant. Taylor, Landlord and Tenant, section 541; *Brigham v. Overstreet,* 128 Ga. 447 (57 S. E. 484, 10 L. R. A. [N. S.] 452). Straw from which the grain has been threshed is not, however, in itself manure, but is a part of the crop, and belongs to the tenant in the same way and to the same extent as the grain; and its ownership is not controlled by any custom that the landlord is entitled to the straw, unless such custom has in some way become a part of the contract. *Craig v. Dale,* 1 Watts & S. (Pa.) 509 (37 Am. Dec. 477); *Iddings v. Nagle,* 2 Watts & S. (Pa.) 22;

*Rank v. Rank,* 5 Pa. 211.    Even if there is a stipulation that the hay or straw produced on the premises is not to be removed, the tenant is nevertheless the owner thereof, and the landlord has no property right therein.    *Fobes v. Shattuck,* 22 Barb. (N. Y.) 568; *Hawkins v. Giles,* 45 Hun (N. Y.) 318.    The remedy of the landlord is for violation of the covenant, or injunction to prevent waste, not by action for conversion.    *Johnson v. Crofoot,* 53 Barb. (N. Y.) 574.

In general, the tenant is the owner of the crops produced on the leased premises, and the landlord has no right or title thereto, nor interets therein, save as he may have a lien.    *Colville v. Miles,* 127 N. Y. 159 (27 N. E. 809, 12 L. R. A. 848, 24 Am. St. Rep. 433); *McCombs v. Becker,* 3 Hun (N. Y.) 342; *Doremus v. Howard,* 23 N. J. Law, 390; *Brown v. Turner,* 60 Mo. 21.    Difficulty has been experienced in determining the interest of the landlord in the crops where the rent is to be paid by share.    *Orcutt v. Moore,* 134 Mass. 48 (45 Am. Rep. 278); *Symonds v. Hall,* 37 Me. 354 (59 Am. Dec. 53); *Turner v. Bachelder,* 17 Me. 257.    But in the case before us there was no contention that the landlord was entitled to any share in the crop.    The title of the defendant to the straw was therefore complete and absolute, unless the stipulation that it should not be removed gave the plaintiff a property interest therein.    As already indicated, the result did not follow from the stipulation.    In *Colville v. Miles,* 127 N. Y. 159 (27 N. E. 809, 12 L. R. A. 848, 24 Am. St. Rep. 433) the view of the Massachusetts court in *Heald v. Builders' Mutual Fire Insurance Co.,* 111 Mass. 38, is said to be in conflict with the rulings of the New York courts, and we think that so far as any suggestion is made therein of a property right resulting to the landlord by reason of such stipulation, the case is contrary to reason and authority.    What was in fact decided in that case was that a tenant who had agreed not to sell, dispose of, or carry away any of the hay or fodder of any kind, but had covenanted to feed the same to stock to be kept on the premises,

could not transfer to another a property right in such hay and fodder. It is to be noticed in the present case that there is no stipulation as to the use which the defendant might make of the straw, nor restriction on his right to pass title thereto. In the earlier Massachusetts case of *Lewis v. Lyman*, 22 Pick. [Mass.] 437 it was expressly stipulated that the hay should all be fed out on the farm, and that the landlord should furnish the animals to which it was to be fed, the increase to be equally divided between the parties. In neither of these cases was the stipulation merely one against removal as in the case before us, and we reach the conclusion that such stipulation as we are now considering amounts to no more than a personal covenant for breach of which the defendant might be liable in damages, but under which plaintiff acquired no interest in the straw.

Even if the allegations of the petition could be construed as tendering an issue with reference to breach of the covenant by defendant, there was no evidence whatever as to the damage accruing to plaintiff by reason of such breach. Such damage would not evidently be the market value on the farm of the straw which defendant removed, but the detriment to the premises by reason of the fact that the straw was thus removed instead of being consumed on the land in the usual methods of husbandry, yielding manure which would belong to the plaintiff after the termination of the lease, or, applied to the land before the termination of the lease, would have resulted in benefit thereto. The only evidence as to damage was the testimony of witnesses that the straw was worth for the purposes of sale three dollars per ton, and that from eight to twelve tons of straw were actually taken from the premises by the defendant. The straw was not in fact sold by defendant. Its removal resulted from defendant's act in hauling a portion of the oats crop to an adjoining farm of his own to be threshed.

As the plaintiff was not under any circumstances en-

3. SAME:
measure
of damages.

titled to recover judgment either by his allegations or his proof, no error requiring reversal of the judgment in defendant's favor was committed, and such judgment is *affirmed*.