## S. J. Freeman, Appellant, v. H. L. Barnes, Appellee.

1. TRESPASS—*what essential to recover in action of.* In an action of trespass *de bonis asportatis* the plaintiff in order to recover must show a right of property in himself, either absolute or qualified, together with the actual or immediate right to possession of the chattels involved.

2. TROVER—*what essential to recovery in action of.* To support an action in trover the plaintiff must at the time of the conversion have had the actual possession or the right to the immediate possession of the property involved.

3. Covenant—*when action of lies.* An action of covenant lies for the breach of a covenant of a lease providing for the manner in which the demised premises shall be used.

Tort. Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910. Rehearing denied May 26, 1911.

Livingston & Bach, for appellant.

Welty, Sterling & Whitmore, for appellee.

Mr. Justice Baume delivered the opinion of the court.

On October 30, 1907, the plaintiff leased to the defendant for pasture, a tract of land containing 82 acres for the term of one year beginning March 1, 1908, for an agreed rental of $320. The lease contained among others the following provisions: "It is hereby agreed that the said second party shall use said described lands as pasture only, and that no hay or other crop shall be harvested from it." Thereafter, by mutual agreement, the defendant was permitted to cut the crop of hay growing on the land during the year of his tenancy upon condition that he should not haul any of said hay off of said land, but should stack and feed the same upon the land. Upon the termination of the lease to the defendant, the plaintiff leased the land to one Keefer, who took possession of the same on March 31, 1909. The defendant cut and stacked the hay upon the land but did not feed the same thereon, and after March 1, 1909, and before March 31, following, while he was still in possession of the land he hauled away said hay, selling a portion of the same and feeding the remainder to his cattle elsewhere. The plaintiff thereupon instituted this action in tort against the defendant.

The first and second counts of the declaration are in trespass *de bonis asportatis* charging that the defendant with force and arms seized, took and carried away certain goods and chattels, to-wit: Sixty tons of hay of the plaintiff of the value of $1,000, and converted and disposed of the same to his own use. The third count is in trover, and the fourth

count is in trespass to real estate and seizing the hay thereon. By his notice of special matter in defense the defendant pleaded that the hay at the time and place of the taking was the property of himself and not of the plaintiff. Upon the close of the evidence for the plaintiff whereby proof was made of the facts heretofore stated, together with proof of the fair cash market value of the hay at the time and place of taking, the trial court upon the motion of the defendant instructed the jury to find him not guilty and upon the verdict so returned judgment was entered against the plaintiff in bar of her action and for costs. To reverse said judgment the plaintiff prosecutes this appeal.

It is conceded that the action of the trial court in giving the peremptory instruction to the jury was predicated upon the holding that the hay in question was not the property of the plaintiff. The essence of the provision requiring the defendant to feed the hay upon the land was that the land might be fertilized and thus benefited thereby. For such use and purpose the hay when severed was the property of the defendant and the plaintiff had no claim *in rem* thereto. The measure of damages resulting from the failure of the defendant to feed the hay upon the land, was obviously not the value of the hay but the benefit which would have accrued to the land if the hay had been fed thereon.

It is elementary that in an action in trespass *de bonis asportatis* the plaintiff in order to recover must show a right of property in himself, either absolute or qualified, together with the actual or immediate right to possession of the chattels involved. Chitty on Pleading, Vol. I, 168. These elements necessary to support an action in trespass *de bonis asportatis* are lacking in this case.

It is also elementary that to support an action in trover the plaintiff must at the time of the conversion have had the actual possession or the right to the immediate possession of the property involved. Chitty on Pleading, Vol. I, 152. It is not pretended that the plaintiff in the case at bar was in the actual possession of the hay and as the land upon which the hay was stacked was in the constructive possession

of his lessee, Keefer, the plaintiff did not have the right to immediate possession of the hay.

Furthermore, there is no evidence in the record of the amount of damage accruing to the plaintiff by reason of the breach of the covenant by defendant to feed the hay upon the land under the proper rule for the admeasurement of damages for such breach. A full discussion of the questions here involved will be found in Munier v. Zachary, 138 Iowa, 219. The remedy of the plaintiff is in an action in covenant or in assumpsit and not in the forms of action here sought to be invoked.

The court below did not err in giving the peremptory instruction and the judgment will be affirmed.

*Affirmed.*