## WEST TULSA BELT RY. CO. v. BELL.

No. 5266.   Opinion Filed November 23, 1915.

Rehearing Denied December 21, 1915.

(153 Pac. 622.)

1.   **TROVER AND CONVERSION — Pleading — Evidence — Defense.**
Where it is admitted by the pleadings that the defendant was in possession of the property alleged to have been converted at the time suit was instituted, evidence of the instructions given to the agent in relation to concentrating the defendant's property at a given point is immaterial.

2.   **SAME—Mitigation of Damages—Tender.** After the conversion of property has become complete, the defendant cannot escape liability, nor reduce the actual damages recoverable, by a tender back of the property.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Tulsa County;*

*L. M. Poe, Judge.*

Action by Agnes I. Bell against the West Tulsa Belt Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Dillard & Blake,* for plaintiff in error.

*Davidson & Williams* and *E. G. Wilson,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was instituted for the purpose of recovering damages for the wrongful conversion of two locomotive engines, one steam hoist, one set of roundhouse tools, one lot of steel rails, one lot of cross-ties, one lot of iron, timbers, spikes, nails, screws, all of the aggregate value of $9,100. The defendant company answered that on July 9, 1910, the ownership of the stock of the West Tulsa Belt Railway Company was transferred to the present owners, who authorized its special agent, F. P. Dodge, to collect the property of the company and to concentrate the same at Lefever; that in doing so the agent exceeded his authority and took property belonging to the plaintiff; that as soon as the company was informed of such removal, it made a formal tender to the plaintiff of all of said property so taken, and requested that the plaintiff designate the place at which she desired the property delivered. Upon a failure to comply with such request, the company delivered the property to the point from which it was taken, and put it in the same position as when it was taken. Upon trial, judgment was rendered in favor of plaintiff.

There was considerable evidence offered to show that F. P. Dodge, the agent of the company, was acting under a limited authority, and that in taking the property of the plaintiff he did so without the consent or knowledge of the defendant company. This evidence the court refused to admit, on the theory that it was immaterial, in the trial of this case, whether the agent who took the property exceeded his authority, as the pleadings admitted that at the time of the institution of this action the defendant company had possession of the property. If the company had the possession of such property, as admitted, then it was guilty of a wrongful conversion

thereof, and it is immaterial that such possession was procured through an agent that had exceeded his authority. It will also be noticed that, not only do the pleadings admit this fact, but the defendant's witness, Henning, testified that the company went to the extent of building tracks at Lefever in order to properly store a portion of the property taken; and this clearly shows that the company had knowledge of such possession.

It is not a defense to an action of conversion that an agent had exceeded his authority, where the company has the actual physical possession of the property at the time of the institution of the suit, nor is it a defense that the property was taken by mistake, or that the defendant did not intend to convert the property. The essence of an action of conversion is the wrongful deprivation of the owner of the property. In the instant case this is admitted by the pleadings, and the trial court limited the proof to the only remaining questions to be considered: (1) The quantity of property converted; and (2) the value thereof. No objections were made to the sufficiency of the proof, nor to the admission or exclusion of evidence pertaining to these matters.

In addition to the alleged error in excluding evidence of the special authority of the agent, it is insisted that the court erred in refusing to hear evidence as to the tender and return of the property in controversy, in mitigation of damages alleged to have been sustained. Proof of a tender and return of the property is incompetent unless such proof shows that the property was accepted by the owner, in which case such evidence is admissible in mitigation of damages. *Aylesbury Merc. Co. v. Fitch,* 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573. In

the instant case, the property was not tendered to the plaintiff until after suit had been instituted, and upon such tender the plaintiff refused to accept the property. It is a general rule that after the conversion of property has become complete, the defendant cannot escape liability, nor reduce the actual damages recoverable, by a tender back of the property. *Munier v. Zachary*, 138 Iowa, 219, 114 N. W. 525, 18 L. R. A. (N. S.) 572, 16 Ann. Cas. 526; *B. & O. R. Co. v. O'Donnell*, 49 Ohio St. 489, 32 N. E. 476, 21 L. R. A. 117, 34 Am. St. Rep. 579; *G., F. & A. Ry. Co. v. Blish Milling Co.*, 15 Ga. App. 142, 82 S. E. 784; *Carpenter v. American B. & L. Ass'n*, 54 Minn. 403, 56 N. W. 95, 40 Am. St. Rep. 345, and note; *Carpenter v. Dresser*, 72 Me. 377, 39 Am. Rep. 337.

The cause should therefore be affirmed.

By the Court: It is so ordered.