PER CURIAM.
Appellants Porco and Werner appeal from an adverse final judgment awarding the appellees Kees and Love damages for the conversion of fill which was taken from the appellees’ property. Appellants assert as error the fact that the appellee-plaintiffs failed to show that they owned the fill, specifically urging that the trial court should not have ruled on the question of ownership without having heard testimony relative to that issue by appellants’ expert witness. Appellants also claim that the damage award was not supported by the evidence and that counsel for the adverse parties made improper appeals to the jury during their closing arguments.
The fill in question was deposited on the appellees’ land by the Central and Southern Florida Flood Control District pursuant to an easement from the original owner of the property, Arvida Corporation. The Flood Control District was in the process of digging a canal across a strip of land which bordered on Arvida’s property. According to the terms of the easement, Arvida was to keep “all dredged or excavated materials” placed upon the land which were not needed for the project. The canal excavation was completed by 1968.
In 1966, Arvida conveyed title to the property bordering on the canal to Pan American Citrus Corporation. Pan American subsequently transferred portions of its parcel to the appellees Love and Kees.
In late December 1972 or early January 1973, Frisa Corporation (an appellee herein and defendant below) contacted Porco concerning Frisa’s need for land fill for a development project. Porco contacted Wer-ner, who advised that he owned property along the canal and that he was interested in selling fill to Frisa. In addition, he offered to check as to the willingness of other property owners in the area to sell fill.
Frisa began extracting fill from the land along the canal in 1973, pursuant to an agreement with Werner. Porco was to collect payment from Frisa for removed fill at a purchase price of twenty-two cents per cubic yard. Of that price, Porco and Wer-ner were to receive six cents apiece for their labor and services, with the balance going to the various real property owners.
Frisa began removing fill from the property of Kees and Love in April of 1973. Kees complained to Werner, since no one had obtained consent to remove fill from the property of either Kees or Love. After discussing the matter with Frisa and Porco, Werner offered to pay Kees and Love ten cents per cubic yard for any fill which had been removed. Frisa admitted to having removed 24,000 cubic yards of fill from the appellees’ property. There is some dispute as to whether Kees and Love agreed to the purchase price, but they did not in fact *1247 accept the checks which were proffered by Porco.
Thereafter, independent lawsuits were filed alleging conversion of the fill. The suits were consolidated, and the appellants were ultimately held liable for conversion of the fill and for breach of the 1973 agreement with Frisa.
Appellants’ argument concerning title to the fill in question cannot be successful under the facts of this case. It is not disputed that the fill was actually removed from property belonging to Kees and Love, and that the latter held legal title to the land. Whether they actually held title to the fill itself is not relevant, for the fact remains that the fill was in their possession while it was on their property; in addition, Porco and Werner did not allege that they had title to the fill, but rather that ownership rested in Arvida Corporation. Under these circumstances, we feel that the Florida Supreme Court’s decision in Skinner v. Pinney, 19 Fla. 42 (1882), is controlling, and that the appellees Love and Kees could successfully bring an action for conversion of the land fill.
Since we have stated our belief that the question of ownership was not critical to the appellee’s suit, and further that the appellants could not assert ownership of a third party as a defense to the conversion action, we find that the trial court’s ruling as to ownership did not constitute reversible error.
As to the damage award, we find that the verdict was supported by substantial competent evidence. Appellant’s final point is without merit.
Affirmed.