Warren W. WELKE, Appellant,

v.

CITY OF DAVENPORT, Iowa, Appellee.

No. 65263.

Supreme Court of Iowa.

Aug. 26, 1981.

Realff H. Ottesen, Davenport, for appellant.

Scott Hartsook, Asst. City Atty., for appellee.

SCHULTZ, Justice.

Plaintiff, Warren W. Welke, appeals from a twenty-five dollar judgment entered in his favor in this suit for damages. He presents two questions for our review: (1) whether trial court was correct in concluding automobile certificates of title were determinative of plaintiff's right to recover for the wrongful taking of certain vehicles; and (2) whether application of the doctrine of mitigation of damages in the instant case constituted error. We affirm in part, reverse in part, and remand for further proceedings.

This action results from the towing and impounding of six automobiles from plaintiff's residence by the City of Davenport,

pursuant to a city ordinance pertaining to abandoned vehicles. On July 15, 1974, plaintiff initiated this suit, alleging that because the ordinance allowed removal of vehicles without affording notice or a hearing, both the ordinance and the City's actions were unconstitutional. In addition, plaintiff requested a court order directing that the automobiles be returned and, by later amendment, that $3000 damages be awarded to him.

In an amended answer filed sometime later, the City asserted that plaintiff was not the owner of "some or all of the motor vehicles" and that because the automobiles had previously been sold at public auction, they could not be returned. The City also maintained plaintiff could have mitigated any damages incurred by either reclaiming the impounded automobiles or purchasing them at the public auctions, of which he had knowledge and at which he was present.

In April 1980 the parties filed a stipulation of facts, in which they agreed upon the following: (1) the ordinance pursuant to which the vehicles were removed was unconstitutional; (2) plaintiff had possession and control of the vehicles at the time they were towed; (3) plaintiff had a certificate of title for only one of the six automobiles; (4) the five remaining vehicles were not currently registered in the State of Iowa and were titled in the names of persons other than plaintiff; (5) the cars could have been retrieved from impoundment by plaintiff had he produced certificates of title and paid the necessary fees; (6) the vehicles were eventually sold at public auction; (7) plaintiff had notice of these auctions; (8) plaintiff purchased the car to which he held title at one of the auctions; and (9) plaintiff is still engaged in the hobby of restoration of "special interest motor vehicles" at his residence. Stipulations containing the testimony of both plaintiff and defendant were also filed. The case was submitted to the court on the stipulations and briefs of the parties without argument.

The trial court concluded that Iowa's certificate of title law, section 321.45(2), The Code 1979, precluded plaintiff from recovery with respect to the five automobiles to which he held no title. Although agreeing plaintiff was entitled to damages in connection with the sixth vehicle, the court found plaintiff should have acted to mitigate any damages incurred and therefore limited the judgment to the amount for which the automobile could have been reclaimed from impoundment. This appeal followed.

I. *Applicability of section 321.45(2), The Code.* Section 321.45(2) provides in relevant part:

No person shall acquire any right, title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to him for such vehicle or by virtue of a manufacturer's or importer's certificate delivered to him for such vehicle; nor shall any waiver or estoppel operate in favor of any person claiming title to or interest in any vehicle against a person having possession of the certificate of title or manufacturer's or importer's certificate for such vehicle for a valuable consideration except in case of:

. . . .

d. . . . . Except in the above enumerated cases, *no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued or assigned in accordance with the provisions of this chapter.*

(Emphasis added). Plaintiff maintains this provision is not applicable to this suit based on the city's wrongful act of conversion.

To determine whether section 321.45(2) is applicable, it is necessary to examine the principles of the law of conversion.

Conversion is the act of wrongful control or dominion over chattels in derogation of another's possessory right thereto. *Jensma v. Allen,* 248 Iowa 556, 562, 81 N.W.2d 476, 480 (1957); *Leonard v. Sehman,* 206 Iowa 277, 279, 220 N.W. 77, 78

(1928); 18 Am.Jur.2d *Conversion* § 1 (1965); 89 C.J.S. *Trover & Conversion* § 36 (1955). To maintain an action for conversion the plaintiff must have a possessory right in the property converted. *Munier v. Zachary*, 138 Iowa 219, 222, 114 N.W. 525, 526 (1908); 18 Am.Jur.2d *Conversion* § 54. Actual possession at the time of conversion is sufficient to enable the plaintiff to maintain the action. 18 Am.Jur.2d *Conversion* § 55; 89 C.J.S. *Trover & Conversion* § 73; *see Dorcey v. Patterson*, 7 Iowa 419, 420–21 (1858).

At common law the action of trover for conversion was employed for the recovery of personal property from a finder by the owner. 1 F. Harper & F. James, The Law of Torts § 2.7 (1956). The finder acquired special property interests that were regarded as paramount to all but the owner. *Id.* Also, a wrongful converter was precluded from alleging ownership by a stranger to the litigation. *Jus tertii*, the right of a third person, could not be asserted as a defense. Restatement (Second) of Torts § 895(1), comments b–c (1979).

■ Similarly, we have held that the mere fact that a third party has an interest in, or title to, the chattel does not preclude an action for conversion; nor is it a defense. *Ontario Livestock Commission Co. v. Flynn*, 256 Iowa 116, 124, 126 N.W.2d 362, 367 (1964); 18 Am.Jur.2d *Conversion* § 59; 89 C.J.S. *Trover & Conversion* § 85; Restatement (Second) of Torts § 895. Except as to titleholders and their privy, the possessor is generally treated as having the entire property interest. It is not a defense for a stranger to title that the possessor is not the true owner or titleholder, or that the possessor acquired possession wrongfully as against third persons. *Berman v. Wreck-A-Pair Bldg. Co.*, 236 Ala. 301, 305, 182 So. 54, 57 (1938); *Porco v. Love*, 340 So.2d 1245, 1247 (Fla.App.1976), *cert. denied*, 348 So.2d 951 (Fla.1977); 18 Am. Jur.2d *Conversion* § 59; 89 C.J.S. *Trover & Conversion* § 73; Restatement (Second) of Torts §§ 224A, 895(1); *cf. Williams v. Swetland*, 10 Iowa 51, 57 (1859) (proof that third person has title is not defense for trespasser).

■ Here, plaintiff, as a peaceful possessor of the five automobiles, has a cause of action for wrongful conversion, and lack of title is no defense for the City unless the certificate of title law is applicable. Careful examination of section 321.45(2) reveals it is inapplicable.

■ Section 321.45(2) provides that no person shall acquire any interest in a vehicle subject to registration "from the owner thereof" except by delivery of title. In this case plaintiff is not claiming an interest in the five vehicles from their owners. The modifying language "from the owner thereof" renders section 321.45(2) inapplicable.

Plaintiff's conversion action is based on possession rather than ownership or title. It is aptly stated:

[T]he rule that a person who was in actual possession at the time of the conversion is entitled to maintain trover against a person not connected with the title may apply even though the title is conceded to be in a third person, plaintiff obtained possession under a void transfer or proceeding, or, except in some jurisdictions, even though plaintiff acquired possession wrongfully.

89 C.J.S. *Trover & Conversion* § 73, at 571. In *Farmers Butter & Dairy Cooperative v. Farm Bureau Mutual Insurance Co.*, 196 N.W.2d 533, 538 (Iowa 1972), we determined the purpose of the certificate of title law was to provide a means to establish ownership and effect transfer of title of motor vehicles. We concluded that the law of bailment, as it affects rights between bailor and bailee, had been neither abrogated nor disturbed by the certificate of title law. Likewise, we conclude that the title statute does not abrogate or disturb the right of a peaceful possessor of a vehicle subject to registration to maintain an action for conversion against a nonowner.

We also conclude that subsection (d) is not applicable to this case. That provision states that no court shall recognize a claim to, or interest in, any vehicle "sold or disposed of, or mortgaged or encumbered" unless evidenced by a certificate of title. A

sale, disposition, mortgage, or encumbrance is not at issue in this case. The controversy is not between a titleholder and one claiming ownership or between persons claiming priority of liens or security interests. In *Grogan Chrysler-Plymouth, Inc. v. Gottfried*, 59 Ohio App.2d 91, 392 N.E.2d 1283 (1978), the Ohio Court of Appeals held that a statute similar to the provision relied on by the trial court was not applicable when the alleged wrongdoer did not have title to the automobile at issue. The court stated that the statute

> was intended to apply to litigation where the parties were rival claimants to title, *i. e.*, ownership of the automobile; to contests between the alleged owner and lien claimants; to litigation between the owner holding the valid certificate of title and one holding a stolen, forged or otherwise invalidly issued certificate of title; and to similar situations.

*Id.* at 94, 392 N.E.2d at 1285 (footnote omitted).

In light of the foregoing analysis, we hold that the trial court erred in concluding that section 321.45(2) was applicable to this conversion action.

II. *Mitigation of damages.* Plaintiff asserts the trial court erred in applying the doctrine of mitigation of damages to limit the judgment awarded for the wrongful taking of the sixth vehicle, to which he held a certificate of title. Plaintiff could have reclaimed the vehicle the day following the seizure by presenting title and paying a twenty-five dollar towing charge. The trial court therefore concluded that damages were limited to the sum of twenty-five dollars. We disagree.

■ The general rule is that damage mitigation principles are applicable in conversion actions. *See Johnson v. Tantlinger*, 31 Iowa 500, 502–03 (1871). *See generally* 18 Am.Jur.2d *Conversion* § 102; 89 C.J.S. *Trover & Conversion* § 180. In the present case, however, the general rule of mitigation is inapplicable for want of facts to support it.

■ The facts show an illegal taking of the vehicles by the City under an unconstitutional ordinance. The City argues in its brief, in alleged mitigation of damages, that "plaintiff made no attempt to reclaim the six towed vehicles even though they could have been reclaimed for the amount of $25 per vehicle, plus storage charges of $2 per day per vehicle." Thus, we have the strange contention that a tortfeasor can illegally seize chattels and yet, in order to save the tortfeasor damages, the plaintiff must pay the tortfeasor a fee and storage charge under an ordinance that the tortfeasor stipulates is invalid.

This argument fails for two reasons. It would compel plaintiff to concede the validity of the ordinance, and it is contrary to the rule that a converter cannot require a plaintiff to take back the chattels. *Munier v. Zachary*, 138 Iowa 219, 220–21, 114 N.W. 525, 526 (1908); *Colby v. W. W. Kimball Co.*, 99 Iowa 321, 326, 68 N.W. 786, 787 (1896) ("The conversion in this case having been intentional, with knowledge of all the material facts, it fixed the rights and liabilities of the parties in interest, and gave to the plaintiff a complete cause of action, which could not be defeated by the recovery of the piano by the defendant, and the tender of it to her."); W. Prosser, *The Law of Torts* § 15, at 97 (4th ed. 1971) ("The defendant cannot undo his wrong by forcing the goods back upon their owner, either as a bar to the action, or in mitigation of damages."). *See also* 18 Am.Jur.2d *Conversion* § 105; 89 C.J.S. *Trover & Conversion* § 186.

The City also argues in mitigation of damages that plaintiff could have obtained title certificates for the other five vehicles and thus gotten them back from the City upon payment of the fee and storage charge. This argument fails for the same two reasons and for the additional reason that the absence of title certificates is irrelevant to the cause of action, under division I.

We hold that the mitigation of damages principle is inapplicable.

III. *Conclusion.* With regard to plaintiff's claim of wrongful conversion of the five automobiles to which he held no certificates of title, this case is reversed and remanded for a new trial in accordance with the principles announced in division I of this opinion. The trial court's judgment in favor of plaintiff with respect to the sixth vehicle is affirmed, except as to the assessment of damages, which we reverse. Upon remand the issue of damages shall be retried in accordance with the principles set out in division II.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.