GREEN, Judge.
Le Dauphin Condominium Association, Inc., a Florida non-for-profit corporation, and Le Dauphin Development, Ltd. (Le Dauphin), timely appeal from a final judgment entered in favor of the defendant, Ground-works of Palm Beach County, Inc. (Ground-works). We affirm in part and reverse in part. Groundworks also appeals the denial of its motion for attorney’s fees. We affirm that order.
Le Dauphin contracted with Native Landscapes, Inc. (Native), for landscaping work that included the purchase of four palm trees, the subject of this litigation. Le Dauphin paid Native the sum of $8,815 on account, which constituted one-half of Native’s billing. Native in turn purchased the palm trees from Groundworks for the sum of $5,796.80. In due course, Groundworks delivered the trees to Le Dauphin and the delivery truck driver required approval from Le Dauphin’s authorized agent with respect to satisfactory product quality. Le Dauphin’s agent paid Groundworks’ truck driver $5,796.80 in the form of a check from Native. The trees were then planted on the premises of Le Dauphin.
Native soon contacted Groundworks and reported that Le Dauphin was not satisfied with the trees and the cheek on Native’s account was being dishonored. Native apparently took this action without authority from Le Dauphin and did not thereafter involve itself in the circumstances that gave rise to these proceedings. Groundworks quickly retrieved the trees in a surreptitious manner and against the expressed directions from Le Dauphin.
Le Dauphin brought this two-count action based on civil theft and conversion. The trial judge determined that no civil theft had occurred because Groundworks had a right to retrieve the trees and furthermore did not have the necessary criminal intent. While being a close issue, we affirm with respect to the judgment determining that no civil theft occurred. See, e.g., Ciamar Marcy, Inc. v. Monteiro Da Costa, 508 So.2d 1282 (Fla. 3d DCA 1987), which deals with the issue of punitive damages and mistaken belief concerning the legal rights of a party who converted property.
We believe it is clear that ownership of the trees became vested in Le Dauphin when the trees were delivered and Native’s cheek was accepted in full satisfaction by Groundworks. §§ 672.401(2), 672.403, Fla. Stat. (1993). There is no competent evidence that Le Dauphin was ever dissatisfied with the trees or that they had any involvement with respect to Native canceling the check which had been accepted by Groundworks. Section 672.403(l)(a), Florida Statutes (1993), provides:
(1) A purchaser of goods acquires all title which her or his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
[[Image here]]
(b) The delivery was in exchange for a cheek which is later dishonored, ...
*15 We hold that Groundworks converted the trees by removing them from Le Dauphin’s property and against Le Dauphin’s directions. See St. Paul Fire Marine Ins. Co. v. Pensacola Diagnostic Ctr. & Breast Clinic, 505 So.2d 513 (Fla. 1st DCA 1987); Porco v. Love, 340 So.2d 1245 (Fla. 3d DCA 1977).
The parties argue whether a lien on behalf of Groundworks occurred in the course of these transactions under section 713.15, Florida Statutes (1993). No such entitlement on behalf of Groundworks was created by this simple commercial transaction. It is clear from the record that neither party contemplated the existence of a lien. The circumstance that Groundworks later had problems with Native cannot create a lien where none previously existed.
We have considered Groundworks’ appeal from the trial court’s order denying its motion for attorney’s fees based on sections 772.11 and 57.105, Florida Statutes (1993), and affirm this order.
We, therefore, remand with directions that judgment for the sum of $5,796.80, in addition to costs and interest, be entered on behalf of Le Dauphin.
PARKER, C.J., and FULMER, J., concur.