# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 21, 2015      Decided December 15, 2015

No. 14-1044

ADEBISI ADENARIWO,
PETITIONER

v.

FEDERAL MARITIME COMMISSION AND UNITED STATES OF
AMERICA,
RESPONDENTS

———

On Petition for Review of an Order of
the Federal Maritime Commission

———

*Daniel A. Bushell* argued the cause and filed the briefs for petitioner.

*Tyler J. Wood*, Deputy General Counsel, Federal Maritime Commission, argued the cause for respondents. With him on the brief were *William J. Baer*, Assistant Attorney General, U.S. Department of Justice, *Robert J. Wiggers*, Attorney, and *Lauren M. Engel*, and *William H. Shakely*, Attorney Advisors, Federal Maritime Commission.

Before: HENDERSON, *Circuit Judge*, and EDWARDS and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Petitioner Adebisi Adenariwo petitions for review of two Federal Maritime Commission decisions relating to the loss of concrete masonry equipment shipped from the United States to Nigeria in two separate shipping containers. Transportation of the equipment was organized and carried out by BDP International (BDP) and Zim Integrated Shipping, Ltd. (Zim). Adenariwo filed with the Commission two identical complaints against Zim and BDP, alleging that they had engaged in unreasonable practices when handling the equipment, in violation of Section 10(d)(1) of the Shipping Act of 1984, 46 U.S.C. § 41102(c). The Commission dismissed Adenariwo's claims as to the equipment in the first container, but awarded Adenariwo reduced reparations for the loss of the equipment in the second container. Because we conclude that Adenariwo's petition for review of the Commission's decision relating to the first container was untimely under the Hobbs Act, 28 U.S.C. §§ 2342(3)(B), 2344, we dismiss the portions of his petition relating to that container for lack of jurisdiction. Because we conclude that the Commission improperly reduced Adenariwo's award for the loss of the equipment in the second container, we vacate the decision relating to that container and remand for award of the full amount supported by the record without mitigation and permitted under 46 C.F.R. § 502.301(b).

# I. BACKGROUND

## A. Facts

Adenariwo is the owner and principal of MacBride Nigeria, Ltd. (MacBride), a producer of concrete masonry products in Lagos, Nigeria. In 2008, MacBride purchased equipment from Nethamer Ltd., a U.S.-based company. BDP, a licensed freight forwarder, arranged for the transportation of the equipment from the U.S. to Nigeria by Zim, a vessel-operating common carrier. Zim shipped the equipment to Nigeria in two containers. The first shipment (Container 1) arrived in Nigeria on or around April 17, 2008, but because of errors in the bill of lading, not the fault of MacBride, it was not released to MacBride and demurrage fees began to accrue. The second container (Container 2) arrived one month later, but LANSAL, Zim's agent, refused to release it until MacBride paid the outstanding demurrage fees for Container 1. As a result, demurrage fees began to accrue on Container 2 as well. Ultimately, Nigerian Customs officials seized both containers and the equipment was auctioned off.

## B. Administrative and Federal Court Proceedings

On May 3, 2011, Adenariwo filed two separate but identical complaints—Informal Docket Nos. 1920(I) and 1921(I)—against BDP and Zim for informal adjudication under subpart S of the Commission's Rules of Practice and Procedure. *See* 46 C.F.R. §§ 502.301-305. The complaints allege that BDP and Zim violated Section 10(d)(1) of the Shipping Act of 1984, 46 U.S.C. § 41102(c), by engaging in unreasonable practices when handling the concrete masonry equipment. While Adenariwo alleges that he suffered a loss of $240,606 per container, he chose to pursue his claims through the informal adjudication process, which is limited to

claims of $50,000 or less. *See* 46 C.F.R. § 502.301(b). Thus, Adenariwo sought a total of $100,000 or $50,000 per container.

Pursuant to the Commission's Rules, a settlement officer was appointed to handle both informal dockets. On May 26, 2011, for purposes of clarity, the settlement officer deemed Informal Docket No. 1920(I) to seek reparations for Container 1 and Informal Docket No. 1921(I) to seek reparations for Container 2. The settlement officer also ordered that the dockets be consolidated, but stated that the consolidation would not affect Adenariwo's requested relief.

On April 18, 2012, the settlement officer issued a decision and order dismissing the claim relating to Container 1 for failure to timely file the complaint within the Shipping Act's three year statute of limitations, *see* 46 U.S.C. § 41301(a), and ordering Adenariwo to obtain a valid assignment from MacBride of the Container 2 claim in Informal Docket No. 1921(I). Adenariwo timely filed a petition for reconsideration of the settlement officer's decision to dismiss Informal Docket No. 1920(I), which the settlement officer denied. In another decision issued that same day, the settlement officer also determined that (1) MacBride had assigned its claims to Adenariwo and (2) Zim had violated Section 10(d)(1) of the Shipping Act by refusing to release Container 2 because of the unpaid demurrage fees from Container 1. *See Adebisi A. Adenariwo v. BDP Int'l, Zim Integrated Shipping, Ltd. and Its Agent (LANSAL) et al.*, Informal Dkt. No. 1921(I), at 8-11 (F.M.C. Mar. 7, 2013). The settlement officer awarded Adenariwo reparations in the amount of $18,308.94 for the loss of the equipment in Container 2, but denied Adenariwo the remainder of his requested relief finding that he could have mitigated his losses by paying the demurrage fees on the two

containers, thereby securing the release of the equipment in Container 2. *Id.* at 11-16.

Pursuant to the Commission's rules governing informal adjudications, the Commission has discretionary authority to review a settlement officer's decision. *See* 46 C.F.R. § 502.304(g). On March 22, 2013, the Commission declined to review the settlement officer's decision not to reconsider the dismissal of Informal Docket No. 1920(I), stating that the decision was "administratively final." On April 10, 2013, the Commission determined that it would review the settlement officer's decision relating to Informal Docket No. 1921(I). On August 2, 2013, Adenariwo filed a complaint with the U.S. District Court for the District of Columbia seeking review of the Commission's decisions in Informal Docket Nos. 1920(I) and 1921(I). The district court dismissed the case, finding that it lacked subject-matter jurisdiction and observing that the settlement officer's decision regarding Informal Docket No. 1921(I) was not ripe for review because it was still under the Commission's consideration. *See MacBride Nig. Ltd. (Adebisi Adenariwo) v. FMC*, Civ. No. 13-1201, 2013 WL 6175823 (D.D.C. Nov. 26, 2013). On February 20, 2014, the Commission issued an order affirming the settlement officer's decision in Informal Docket No. 1921(I). *See Adebisi Adenariwo v. BDP Int'l, Zim Integrated Shipping, Ltd. and Its Agent (LANSAL) et al.*, Informal Dkt. No. 1921(I) (F.M.C. Feb. 20, 2014). Adenariwo filed his petition for review of the Commission's decisions with this Court on March 21, 2014.

## II. ANALYSIS

Before this Court, Adenariwo contends that the settlement officer abused her discretion in dismissing his Container 1 claim on statute of limitation grounds and

improperly applied mitigation principles when she calculated Adenariwo's reparations award for the loss of the equipment in Container 2. The Commission asserts that this Court lacks jurisdiction to hear Adenariwo's challenge to the dismissal of his Container 1 claim and that if this Court has jurisdiction, the settlement officer properly dismissed the Container 1 claim because it was barred by the Shipping Act's three year statute of limitations. As to the award of damages, the Commission argues that the settlement officer properly applied principles of mitigation in reducing Adenariwo's award.

**A. Jurisdiction**

Our jurisdiction over this matter derives from 28 U.S.C. § 2342(3)(B). That statute provides that courts of appeals have jurisdiction to review "all rules, regulations, or *final* orders, of . . . the Federal Maritime Commission issued pursuant to [listed statutes]." (emphasis added). Under the Commission's regulations, a settlement officer's decision is considered a *final* order, "unless, within thirty [] days from the date of service of the decision, the Commission exercises its discretionary right to review the decision." 46 C.F.R. § 502.304(g). Petitions for review of final agency action must be filed within 60 days after the entry of the order under review. *See* 28 U.S.C. § 2344.

Whether an administrative decision is final is determined not "by the administrative agency's characterization of its action, but rather by a realistic assessment of the nature and effect of the order sought to be reviewed." *Fidelity Television, Inc. v. FCC*, 502 F.2d 443, 448 (D.C. Cir. 1974). "[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the

orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action." *Blue Ridge Envtl. Def. League v. Nuclear Regulatory Comm'n*, 668 F.3d 747, 753 (D.C. Cir. 2012) (quoting *Port of Bos. Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)); *see also Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (addressing the requirement of finality under the Administrative Procedure Act, 5 U.S.C. § 704, and explaining that to be "final" an action "must mark the 'consummation' of the agency's decisionmaking process" and "be one by which 'rights or obligations had been determined,' or from which 'legal consequences will flow'"). An agency order is final for purposes of 28 U.S.C. § 2342 "if it imposes an obligation, denies a right, or fixes some legal relationship, usually at the consummation of an administrative process." *Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 815 (D.C. Cir. 1982) (internal quotation marks and citation omitted).

The Commission argues that the settlement officer's decision to dismiss Informal Docket No. 1920(I) became final on March 22, 2013—the day the Commission issued its notice declining to review that decision—and, therefore, this Court does not have jurisdiction because Adenariwo waited more than a year to file his petition for review. Although the dockets were initially consolidated, the Commission contends that they were later severed. When the Commission declined review of the settlement officer's decision to reconsider the dismissal of Informal Docket No. 1920(I), the settlement officer's decision became final and the clock started ticking.

Adenariwo argues that the settlement officer's decision to dismiss Informal Docket No. 1920(I) did not become final until February 20, 2014—the day the Commission affirmed

the settlement officer's decision relating to Informal Docket No. 1921(I). Because he filed his petition for review on March 21, 2014, less than 60 days later, this Court has jurisdiction to review the portions of the petition addressing Container 1. According to Adenariwo, his Container 1 and Container 2 claims were "one controversy," Pet.'s Reply Br. at 13, and, therefore, the clock did not start ticking on his Container 1 claim until his Container 2 claim had also been resolved. Because we agree with the Commission that the settlement officer's decision to dismiss Informal Docket No. 1920(I) became final on March 22, 2013, we must dismiss the portion of the petition relating to Container 1.

When the settlement officer received two identical complaints, she probably could have dismissed one of them thereby limiting Adenariwo to a possible recovery of $50,000. Instead, the settlement officer treated the two containers as two separate claims and assigned one container to each informal docket. By doing so, the settlement officer allowed Adenariwo to seek a total of $100,000 in reparations. She also consolidated Informal Docket Nos. 1920(I) and 1921(I) in order to move the claims forward more efficiently. On April 18, 2012, in a single decision, the settlement officer dismissed Informal Docket No. 1920(I) and requested more information about the claim in Informal Docket No. 1921(I). This was the last time the two claims were addressed together.

On March 7, 2013, the settlement officer issued two separate decisions, one denying Adenariwo's petition for reconsideration of her decision to dismiss Informal Docket No. 1920(I) and one awarding him reparations in Informal Docket No. 1921(I). In doing so, the settlement officer effectively severed the two cases. This is evident from the manner in which the cases proceeded. The Commission addressed whether it would exercise its discretionary right to

review the settlement officer's decisions separately. The Commission released a notice that it would not review the decision in Informal Docket No. 1920(I) on March 22, 2013. It released a separate notice that it would review the decision in Informal Docket No. 1921(I) on April 10, 2013.

The Commission's March 22, 2013 notice not to review was the "consummation" of the informal adjudication process for Informal Docket No. 1920(I). *See Natural Res. Def. Council, Inc.*, 680 F.2d at 815. At that point, the settlement officer's decision to dismiss Informal Docket No. 1920(I) became final pursuant to the regulations governing informal adjudications, *see* 46 C.F.R. § 502.304(g), and neither the Commission nor the settlement officer could take further action. The Commission's decision not to review determined, for administrative purposes, the rights and obligations of Adenariwo and Zim vis-à-vis the equipment in Container 1. *See Blue Ridge*, 668 F.3d at 753. Adenariwo's only recourse was to challenge the Commission's decision in a federal court of appeals within 60 days of the Commission's notice declining to exercise its right to review. Because Adenariwo did not file his petition for review within that time period, we lack jurisdiction to review the portion of his petition relating to Container 1 and Informal Docket No. 1920(I). Accordingly, the petition is dismissed as to Docket 1920(I).

## B. Mitigation of Damages – Informal Docket No. 1921(I)

It is undisputed that this Court has jurisdiction over the claims related to the second container and adjudicated in Informal Docket No. 1921(I). As to that docket number, petitioner alleges that the settlement officer, as affirmed by the Commission, erred in reducing the award in this docket number for failure to mitigate damages. Failure to mitigate damages is an affirmative defense, on which the party

opposing the award of damages bears the burden of proof. *See Tri County Indus., Inc. v. District of Columbia*, 200 F.3d 836, 840 (D.C. Cir. 2000); *Lennon v. U.S. Theatre Corp.*, 920 F.2d 996, 1000 (D.C. Cir. 1990). Mitigation requires a party to take reasonable steps after it has been injured to prevent further damage from occurring. *See* 1 D. Dobbs, Law of Remedies § 3.9, at 380-81 (2d ed. 1993). Adenariwo contends that the Commission "applied a legally untenable interpretation of mitigation of damages principles" when it affirmed the settlement officer's reduction of Adenariwo's award for the loss of the equipment in Container 2. Pet.'s Br. at 18. We agree.

In her March 7, 2013 decision, the settlement officer found that it was not only unreasonable but also unlawful for Zim to condition the release of Container 2 on payment of the demurrage fees for Container 1. However, in calculating the damages that Zim owed Adenariwo for the loss of the equipment in Container 2, the settlement officer concluded that, once it became clear that Zim was not going to release Container 2 without receiving payment for the demurrage fees on both containers, it would have been reasonable for Adenariwo to mitigate his damages by paying those fees. The settlement officer found that, as of August 21, 2008, it was apparent that Container 2 would not be released without payment of the demurrage fees. At that time, the demurrage fees totaled $13,192.94. Accordingly, the settlement officer awarded Adenariwo reparations in the amount of $18,308.94 plus interest, consisting of the $13,192.94 he could have paid to secure release of Container 2, and $5,116.00 for a refund on the contract because Zim failed to secure delivery of the goods.

The settlement officer's decision leads to absurd and unjust results. Under the settlement officer's reasoning, a

wrongdoer, such as Zim, can set unlawful conditions for the release of an injured party's property and have the damages it owes the injured party reduced if the injured party cannot or does not meet those unlawful conditions. The settlement officer and the Commission would have this Court punish Adenariwo for not doing the very thing the law says he should not have to do. The Commission conceded at oral argument that it had not identified any case in which a court endorsed such a view of mitigation. *See* Oral Arg. Recording 12:12–12:49.

Mitigation does not allow a wrongdoer to shift the cost of its malfeasance to the injured party. *See Shea-S&M Ball v. Massman-Kiewit-Early*, 606 F.2d 1245, 1249-50 (D.C. Cir. 1979) (plaintiff was not required to mitigate damages by constructing a dike when the defendant had breached its contractual duties by failing to control water overflow and could just have easily built a dike itself); *see also Welke v. City of Davenport*, 309 N.W.2d 450, 453 (Iowa 1981) (rejecting contention that a plaintiff's damages could be reduced when a tortfeasor illegally seized chattels and plaintiff did not try to reclaim the chattels by paying a fee and storage charge). Instead, classic examples of mitigation—*e.g.*, procuring a substitute, repairing harm that would otherwise cause consequential losses—involve the injured party taking beneficial steps to prevent *further* damages. *See* 1 D. Dobbs, Law of Remedies § 3.9, at 381 (observing that mitigation generally applies to consequential damages and citing common forms of mitigating damages); *Shea-S&M Ball*, 606 F.2d at 1249 ("[T]he law does not permit an injured party to stand idly by, accumulating damages, when certain obvious, reasonable steps, if taken, would [] greatly reduce[] the damages . . . .").

Moreover, we have held that mitigation of damages is inapplicable when the defendant has acted unlawfully and has the primary responsibility and an equal opportunity to perform an act that it knows will avoid damages. *See Shea-S&M Ball*, 606 F.2d at 1249, *supra*; *see also* 1 D. Dobbs, Law of Remedies § 3.9, at 384 ("If, after he has committed a tort or breached a contract, the defendant had an equal and continuing opportunity to minimize damages he has caused, and at a cost no greater than would be required of the plaintiff, the grounds for reducing [the defendant's] liability seem doubtful."). Here, Zim had an equal, if not greater, opportunity to prevent the equipment in Container 2 from being auctioned off and it had the primary responsibility of doing so. It is also fair to assume that, as a vessel-operating common carrier, Zim knew the potential consequences of its refusal to release Container 2.

We conclude that mitigation is inapplicable to the facts of this case and therefore Adenariwo should be awarded the full amount supported by the evidence, without mitigation. We therefore remand the petition for the entry of an award by the Commission in favor of petitioner in the full amount of his unmitigated damages, together with such interest and costs as may be legally appropriate.

### III. CONCLUSION

We dismiss the portions of the petition relating to Container 1 (Informal Docket No. 1920(I)) for lack of jurisdiction. We vacate the Commission's February 20, 2014 decision relating to Container 2 (Informal Docket No. 1921(I)) insofar as the award ordered mitigation of damages. We remand the Commission's order for further proceedings consistent with this opinion.

*So ordered.*