**Cora E. BLESSING, Appellant,**

v.

**NORWEST BANK MARION, N.A., Appellee.**

No. 86–1507.

Supreme Court of Iowa.

Sept. 21, 1988.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Roger W. Stone and Iris E. Muchmore of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

ANDREASEN, Justice.

We are asked to determine whether an action for wrongful conversion of a motor vehicle can be brought by a party who claims a security interest in the vehicle if the claimed interest was not noted on the certificate of title as prescribed by Iowa Code section 321.45 (1983).

I. *Background.*

Cora Blessing brought an action against the Norwest Bank in Marion, Iowa, alleging conversion, breach of contract, interference with contractual relations, and fraudulent misrepresentation. These claims stem from the repossession of a feed truck by Norwest after a series of loan arrangements between Cora, her son and daughter-in-law, and Norwest.

Wendell and JoAnn Oliphant, Cora's son and daughter-in-law, had borrowed money on several occasions from Norwest since September 1982. These were loans for livestock, grain, and equipment. On September 17, 1982, Wendell and JoAnn borrowed money for the purchase of a used feed truck. The truck served as collateral for that loan and as cross-collateral for other loans of Wendell and JoAnn. Norwest's lien was noted on the certificate of title of the truck. By autumn of 1983, Wendell and JoAnn had debts to Norwest of over $100,000.

In July 1983, Wendell borrowed money from Cora to pay off the feed truck loan. In order to obtain the money, Cora mortgaged her home. Wendell agreed to pay the mortgage payments on Cora's home and to give Cora title to the feed truck as collateral. Cora gave a personal check for the amount due on the truck to JoAnn. JoAnn obtained a cashier's check from another bank and proceeded to Norwest to pay off the truck loan. Cora had no direct

contact, agreement, or conversation with the bank.

There is a dispute concerning what was said between JoAnn and Steve Knutson, a loan officer of Norwest, when JoAnn made the payment. JoAnn claims that Knutson told her that the title to the truck would be mailed to her so that Cora could hold the title. Knutson testified that he informed JoAnn that retention of the title may be necessary because of problems with the other loan accounts of Wendell and JoAnn. The certificate of title to the truck was not mailed to Cora. On September 23, 1983, approximately two months after JoAnn delivered the check to Norwest, Wendell signed a new security agreement with Norwest again listing the truck as security. On October 27, 1983, he signed a voluntary repossession agreement for the feed truck and it was repossessed and sold by the bank. Norwest retained the certificate of title to the truck with a notation of its lien throughout this process. Wendell maintained possession of the vehicle until it was turned over to Norwest pursuant to the repossession agreement.

Several months after the truck was repossessed and sold, Cora sued Norwest for conversion, breach of contract, interference with contractual relations, and fraudulent misrepresentation. The trial court granted summary judgment in Norwest's favor on the claims of conversion and breach of contract. The trial court held that Cora did not have a legally recognized interest in the truck because she did not have possession or control of the truck and she had not perfected her lien interest. Without a property interest, the court reasoned, Cora could not maintain an action for conversion. After granting summary judgment on Cora's claims for conversion and breach of contract, the case proceeded to trial.

At the close of the evidence, the trial court directed a verdict for Norwest on the fraudulent misrepresentation claim. The jury returned a verdict in favor of Norwest on the claim of interference with contractual relations.

The court of appeals affirmed the district court's rulings concerning the claims for breach of contract, fraudulent misrepresentation, and intentional interference with contractual relations. The court of appeals reversed the ruling granting summary judgment on Cora's claim of conversion. We granted further review upon Norwest's application.

## II. *Issue.*

Our review of the court of appeals decision is not limited to the issues raised in the application for further review. *Shivvers v. Mueller,* 340 N.W.2d 586, 588 (Iowa 1983). We have reviewed all issues initially raised on appeal and affirm the decisions of the court of appeals that uphold the district court rulings and judgments regarding Cora's claims for breach of contract, fraudulent misrepresentation, and intentional interference with contractual relations. We now must determine if the trial court correctly granted summary judgment upon the conversion claim.

## III. *Standard of Review.*

Our review of the summary judgment is at law. Iowa R.App.P. 4. Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See* Iowa R.Civ. P. 237(c); *see also Colton v. Branstad,* 372 N.W.2d 184, 187 (Iowa 1985). The moving party has the burden of demonstrating there is no genuine issue of material fact. *See Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984). In determining whether a summary judgment was appropriate, we are required to review the record in a light most favorable to the party against whom the summary judgment is sought. *See Hildenbrand v. Cox,* 369 N.W.2d 411, 413 (Iowa 1985). Our task is to determine whether any disputed issues of material fact exist which would render summary judgment inappropriate and, if not, whether the trial court correctly applied the law to the undisputed facts. *Royce v. Hoening,* 423 N.W.2d 198, 200 (Iowa 1988).

## IV. *Analysis.*

■ Conversion is defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his title or rights therein, or in derogation, exclusion or defiance of such title or rights. *Jensma v. Allen,* 248 Iowa 556, 562, 81 N.W.2d 476, 480 (1957). To maintain an action for conversion the plaintiff must have a possessory right in the property converted. *Munier v. Zachary,* 138 Iowa 219, 222, 114 N.W. 525, 526 (1908).

The trial court granted summary judgment against Cora's conversion claim because she had no possessory right or interest in the feed truck. We must decide if Iowa Code section 321.45(2) prevents the court from recognizing Cora's claim of a security interest in the feed truck arising from her son's oral agreement to give her title to the vehicle as security for the loan she made to him.

Section 321.45(2) provides in relevant part:

No person shall acquire any right, title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to the person for such vehicle ... nor shall any waiver or estoppel operate in favor of any person claiming title to or interest in any vehicle against a person having possession of the certificate of title ... for such vehicle ... except in case of:

a. The perfection of a lien or security interest by notation on the certificate of title as provided in section 321.50....

....

d. .... Except in the above enumerated cases, no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidence by a certificate of title....

Section 321.50 provides in relevant part:

1. A security interest in a vehicle subject to registration under the laws of this state ... is perfected by the delivery to the county treasurer of the county where the certificate of title was issued or ... of an application for certificate of title which lists the security interests, or an application for notation of security interest signed by the owner....

2. Upon receipt of the application and the required fee, the county treasurer shall notify the holder of the certificate of title to deliver to the county treasurer ... the certificate of title to permit notation of the security interest.

3. Upon receipt of the application, the certificate of title, if any, and the fee, the county treasurer shall note such security interest ... on the certificate....

Cora cites *Sandhorst v. Mauk's Transfer, Inc.,* 252 N.W.2d 393, 397–98 (Iowa 1977), as authority that a conversion action can be maintained by a party without a perfected security interest. In *Sandhorst* we stated:

We believe the proper interpretation of section 321.45(2) requires that as between immediate buyer and seller to a conditional sales agreement involving a motor vehicle, the certificate of title is prima facie evidence but not conclusive proof of ownership. To hold otherwise allows the statute to be used as a sword rather than a shield, a result certainly never intended by our legislature.

In *Sandhorst* we specifically limited the holding to the claim of the immediate buyer and seller, not a third-party's claim of a security interest in a motor vehicle.

■ The provisions of Article 9 of the Uniform Commercial Code apply to all transactions intended to create a security interest in motor vehicles, except as specifically provided in Iowa Code chapter 321. Iowa Code § 321.50(5); Iowa Code §§ 554.-9102, .9302(3)(b). Under the Uniform Commercial Code an equitable nonpossessory security interest cannot be created by an oral agreement given to a secured party. In the absence of a written security agreement, the security interest is not enforcible. Iowa Code § 554.9203(1). A written application for a certificate of title or for

notation of the security interest is required to establish a security interest in a motor vehicle. The security interest is then perfected by notation upon the certificate of title. Iowa Code § 321.50.

The underlying purpose and policy of these statutory provisions is to provide a means for establishing a security interest in personal property and determining their priority. It would be contrary to this policy to enforce a security interest created by an oral promise to a lender. To recognize Cora's interest in the feed truck would be contrary to the purpose and provisions of sections 321.45 and 321.50 of the Iowa Code.

### V. *Disposition.*

Cora did not perfect her lien or security interest by notation on the feed truck certificate of title. Consequently, she had no legally recognizable property interest in the vehicle. The district court was correct in granting Norwest's motion for summary judgment on Cora's claim for conversion. The court of appeals reversal of the district court's summary judgment must be vacated.

DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENTS AFFIRMED.