In re Larson C. **LOCKLIN**, Debtor.

**Jacob C. PONGETTI, Trustee
for the Estate of Larson
C. Locklin, Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE
CORPORATION, Defendant.**

Bankruptcy No. 90–11470.
Adv. No. 90–1200.

United States Bankruptcy Court,
N.D. Mississippi, E.D.

June 3, 1992.

385

Richard Grindstaff, Jackson, MS, for Larson C. Locklin.

Jacob C. Pongetti, Columbus, MS, trustee.

Dennis Voge, Mitchell, Voge, Beasley & Corban, Tupelo, MS, for General Motors Acceptance Corp.

OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a complaint filed by the plaintiff, Jacob C. Pongetti, Trustee for the estate of Larson

C. Locklin; answer and affirmative defenses having been filed by the defendant, General Motors Acceptance Corporation; and the court having considered same hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(F).

II.

The trustee has filed his complaint to avoid a lien existing in favor of the defendant, General Motors Acceptance Corporation, hereinafter GMAC, in a 1990 GMC Safari Van formerly owned by the debtor. The trustee contends that the perfection of the said lien constitutes a preferential transfer as contemplated by 11 U.S.C. § 547(b). The facts which give rise to this cause of action are not in dispute and have been stipulated as follows:

(a) On May 23, 1990, Larson C. Locklin filed his Chapter 7 debtor's petition in the Bankruptcy Court for the Northern District of Mississippi, giving Lowndes County, Mississippi, as his place of residence.

(b) On May 4, 1990, only nineteen (19) days before filing his petition, Mitchell Buick, Pontiac, GMC Truck, Inc. of West Point, Mississippi, sold and delivered to the debtor a new 1990 GMC Safari Van for $18,300.00, plus finance charges of $4,945.44, payable in 48 equal installments.

(c) On May 4, 1990, Larson C. Locklin and Mitchell Buick executed a retail installment contract, granting the seller a security interest in the vehicle, in which the debtor gave Tuscaloosa, Alabama, as his address. The retail installment contract and security interest was immediately assigned to GMAC.

(d) On May 4, 1990, the seller delivered to the debtor the vehicle and all necessary documents including the Manufacturer's Certificate of Origin for purposes of obtaining a title certificate in the State of Alabama, relying upon the debtor to perfect

the security interest due to the fact that the seller was not a "designated agent" in the State of Alabama.

(e) On May 9, 1990, five (5) days after the purchase and delivery, the debtor made application for an Alabama certificate of title with the License Commissioner in Tuscaloosa, Alabama. On May 18, 1990, the License Commissioner prepared his title remittance advice and mailed it with the required documents to the Alabama Department of Revenue in Montgomery, Alabama, which received it on May 21, 1990, seventeen (17) days after the purchase and delivery of the vehicle.

(f) Jacob C. Pongetti is the appointed trustee, duly qualified and acting for the Estate of Larson C. Locklin.

(g) The certificate of title for the vehicle was issued on June 6, 1990, by the Alabama Department of Revenue showing Larson C. Locklin as owner, and GMAC as the lien holder.

(h) The Tuscaloosa License Commissioner is a "designated agent" of the Department of Revenue of the State of Alabama.

(i) The sale of the vehicle to the debtor was a credit transaction and not a cash transaction.

(j) The sale of the vehicle, execution of the security agreement, and the submission of the application for an Alabama certificate of title, as well as, its perfection all occurred within ninety (90) days of the filing of debtor's petition.

(k) The debtor was insolvent on the date of the transfer.

(l) The debt to Mitchell Buick was incurred by the debtor on May 4, 1990.

(m) The transfer was made for the benefit of GMAC on account of the debt owed by the debtor on May 4, 1990.

(Hereinafter all Code sections will be considered as Title 11, United States Code, unless specifically noted otherwise.)

## III.

■ In order to avoid a preferential transfer, i.e., in this proceeding the perfection of the lien in favor of GMAC, the trustee must establish each of the following requirements set forth in § 547(b):

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

There are seven exceptions to the trustee's ability to avoid a preferential transfer enumerated in § 547(c). One exception pertinent to this proceeding is found in § 547(c)(3), which reads as follows:

(c) The trustee may not avoid under this section a transfer—

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 10 days after the debtor receives possession of such property;

Since all of the requirements of § 547(c)(3)(A) have admittedly been established, the principal question in this proceeding is whether the security interest in the subject vehicle was perfected on or before 10 days after the debtor received possession as required by § 547(c)(3)(B).

## IV.

GMAC contends that its security interest was perfected according to § 32–8–61 of the Alabama Code which reads as follows:

*A secured interest is perfected by the delivery to the department of* the existing certificate of title, if any, *an application for a certificate of title* containing the name and address of the lien holder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if the delivery is completed within twenty (20) days thereafter, otherwise, as of the time of the delivery. (emphasis supplied)

The trustee takes the position that the operative date of perfection is June 6, 1990, the date that the certificate of title for the vehicle was actually issued by the Alabama Department of Revenue.

## V.

The Bankruptcy Code does not specify the manner in which a security interest in an automobile or motor vehicle is to be perfected. As indicated in *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 65 S.Ct. 405, 89 L.Ed. 305 (1945), that is governed by state law.

Section 32–8–35 of the Alabama Code directs that an application for a certificate of title of a vehicle shall be made by the owner to a designated agent on the form prescribed by the Department of Revenue. As set forth above, § 32–8–61 states that the security interest is *perfected* "by the delivery to the department of ... an application...." Pursuant to § 32–8–4, the Tuscaloosa License Commissioner is a "designated agent" of the Department of Revenue.

## VI.

Significantly, the parties have stipulated that the debtor made application with the License Commissioner in Tuscaloosa, Alabama, a "designated agent" of the Department of Revenue, for a certificate of title on May 9, 1990, five days after the purchase and delivery date. It is the opinion of this court that perfection of GMAC's security interest in the vehicle was achieved at this time. This, of course, is a date on or before ten days after the debtor received possession of the vehicle as required by § 547(c)(3)(B). The unambiguous language of the Alabama statute provides that perfection is achieved by the delivery of the application for the certificate of title to the department, not by the department's actual issuance of the certificate of title. Common sense and equity dictate that no creditor should have to depend on a bureaucratic agency to promptly issue a certificate of title even when the underlying application was timely delivered in proper form.

For the above and foregoing reasons, this court is of the opinion that the trustee's complaint is not well taken. The facts of this case clearly reveal an exception, pursuant to § 547(c)(3), to the trustee's power to avoid a preferential transfer. The complaint will, therefore, be dismissed with prejudice.

## VII.

Because of the reasoning underpinning the above decision, the court is of the opinion that a discussion of the Fifth Circuit Court of Appeals holding in *Matter of Hamilton*, 892 F.2d 1230 (5th Cir.1990), is unnecessary.

## VIII.

This court recognizes that the use of § 547(c)(1), the "contemporaneous exchange" exception to preference avoidance, has diminished in recent years in enabling loan transactions. However, this exception could easily be applied to the facts of this case since both the debtor and GMAC acted

reasonably and promptly to fully consummate the secured transaction. It was obviously their intent that a security interest would be given and perfected when the vehicle was purchased.