**In re Gary SCOTT, Debtor.**

**Renee K. Hanrahan, Trustee, Plaintiff,**

**v.**

**Arcadia Financial Ltd., Defendant.**

**Bankruptcy No. 99–01344–C.**
**Adversary No. 99–9158–C.**

United States Bankruptcy Court,
N.D. Iowa.

Jan. 4, 2000.

ORDER

PAUL J. KILBURG, Chief Judge.

This matter came on for hearing on December 10, 1999. Attorney Eric Lam appeared for the Trustee, Renee Hanrahan. Attorney Anthony Epping appeared for the Defendant, Arcadia Financial Ltd. ("Arcadia"). The Court heard oral argument and took the matter under advisement. The time for briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

## STATEMENT OF THE CASE

Arcadia claims it properly perfected its interest in a 1998 Dodge Stratus (the "Car") by delivering an application for notation of its interest on the Car's certificate of title to the Linn County Treasurer. The Trustee claims Arcadia's interest was not perfected until it was noted on the Car's title. Arcadia and Trustee have both moved for summary judgment on the matter.

## FINDINGS OF FACT

On March 2, 1999, Debtor Gary Scott granted Arcadia a security interest in the Car. Debtor took possession of the Car on March 2, 1999. Arcadia delivered an application for notation of its interest on the Car's certificate of title to the Linn County Treasurer on March 19, 1999. The Treasurer noted Aracadia's interest on the title of the Car on March 25, 1999.

Debtor filed for relief under Chapter 7 of the Code on May 24, 1999. Trustee filed a motion to avoid Arcadia's interest in the Car. Both parties moved for summary judgment.

## CONCLUSIONS OF LAW

 The party seeking to avoid a transfer as a preference bears the burden of establishing the prima facie elements of a preference under § 547(b). 11 U.S.C. § 547(g); *In re Bullion Reserve*, 836 F.2d 1214, 1215–16 (9th Cir.), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2824, 100 L.Ed.2d 925 (1988). Once the elements of § 547(b) are established, the transferee must establish the necessary elements of any defense by a preponderance of the evidence. 11 U.S.C. § 547(g); *In re Gateway Pacific Corp.*, 153 F.3d 915, 917 (8th Cir.1998).

### Standard for Summary Judgment

Summary judgment is appropriate when there is no "genuine issue as to any material fact" between the parties. Bankr.R.P. 7056; Fed.R.Civ.P. 56; *Barker v. Sac Osage Elec. Co-op., Inc.*, 857 F.2d 486, 487–88 (8th Cir.1988). In this case, there is no genuine issue of material fact and judgment is appropriate as a matter of law.

### Avoidance of Arcadia's Interest

 A debtor's prepetition transfer is avoidable as a preference if it results in the creditor receiving more than it would in a liquidation, and is made: 1) to or for the benefit of a creditor; 2) for or on account of antecedent debt; 3) while the debtor was insolvent; and 4) to a noninsider on or within ninety days of the filing of the debtor's bankruptcy petition. 11 U.S.C. § 547(b); *In re Wade*, 219 B.R. 815, 818–19 (8th Cir. BAP 1998). The secured party may prevent avoidance if it establishes that the interest secures new value given to enable the debtor to acquire the property subject to the security interest. 11 U.S.C. § 547(c)(3)(A). This defense only applies if the creditor perfects its interest within twenty days from the date the debtor receives possession of the property. 11 U.S.C. § 547(c)(3)(B).

The parties agree that the prima facie elements of a preference are satisfied in this case. Arcadia asserts, however, that it is entitled to the "enabling loan" defense of § 547(c)(3). The parties dispute whether Arcadia perfected its interest in the Car within the required twenty days, but agree that the other elements of the "enabling loan" defense are established.

Because the chronology of events is crucial in this case, a brief description follows. Debtor granted Arcadia a security interest in the Car on March 2, 1999. Debtor also took possession of the Car on March 2, 1999. On March 19, 1999, Arcadia delivered the application for notation of its interest on the Car's title to the Linn County Treasurer. On March 22, 1999, the twenty-day grace period provided in § 547(c)(3) expired. On March 25, 1999, the Treasurer noted Arcadia's interest on the Car's title. As a result, if delivery of the application for notation on the Car's certificate of title perfected Arcadia's interest, it is entitled to § 547(c)(3) protection. If Arcadia's interest was perfected

only when the interest was noted on the Car's title, Arcadia is not entitled to § 547(c)(3) protection.

██ For purposes of § 547, an interest is perfected when the secured party has completed all the steps necessary under state law to prevent a judgment creditor from obtaining a superior interest. 11 U.S.C. § 547(e)(1)(B); *Fidelity Financial Services, Inc. v. Fink,* 522 U.S. 211, 212–13, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998). Although federal law determines the time within which a creditor must perfect its interest, state law determines the steps necessary to complete that perfection. *Fink,* 522 U.S. at 213 n. 1, 118 S.Ct. 651. The Court must determine whether Arcadia took the necessary steps, under Iowa law, to perfect its interest within 20 days from the date Debtor took possession of the Car.

Section 321.50(1) of the Iowa Code provides that "[a] security interest in a vehicle ... is perfected by the delivery to the county treasurer ... of an application for certificate of title which lists the security interest...." The statute does not mention notation in paragraph one, dealing with the secured party's rights in the vehicle Indeed, the statute only mentions "notation" in paragraphs describing the county treasurer's duty to note the interest on the vehicle's title. *See* Iowa Code §§ 321.50(2) and (3).

Admittedly, some courts which have interpreted similar language have concluded that the language of the statute establishes that the respective legislatures intended an interest to be perfected upon delivery of the application. *See In re Locklin,* 151 B.R. 384, 387 (Bankr.N.D.Miss.1992); *In re Farnham,* 57 B.R. 241, 244–48 (Bankr. D.Vt.1986). The court in *Locklin* interpreted a certificate of title statute that provided: "A secured interest is perfected by the delivery to the department of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lien holder

... and the required fee." *Locklin,* 151 B.R. at 387.

██ However, this court is not allowed to interpret this statute on a clean slate. It is bound by the interpretation placed upon it by the Iowa Supreme Court. If this Court is able to glean the result which the Iowa Court would render, it must apply that result. Inconsistent interpretations made by other courts are not dispositive. In interpreting Section 321.50, the Iowa Supreme Court has stated that "[a] written application for certificate of title or for notation of the security interest is required to *establish* a security interest in a motor vehicle. The security interest is then *perfected* by notation upon the certificate of title." *Blessing v. Norwest Bank Marion,* 429 N.W.2d 142, 144 (Iowa 1988) (emphasis added); *see also Security Savings Bank of Marshalltown v. United States,* 440 F.Supp. 444, 446 (S.D.Iowa 1977) (tax lien prevails over security interest in vehicle that was proceeds, but was not noted on the title within ten days); *Schultz v. Security National Bank,* 583 N.W.2d 886, 889 (Iowa 1998) (stating that, except in a contest between the buyer and the seller, "unless an interest is noted on the certificate of title, it cannot be valid.").

While it is arguable that certain of these findings were *dicta* in the sense that they were not necessary to the Court's ultimate conclusion, they nevertheless directly address the issue and resolve it in an unambiguous manner. It is significant that the conclusion reached in *Blessing* by the Iowa Supreme Court has recently been reaffirmed in *Schultz* when it held that an interest in a vehicle is not valid until it is noted on the title. *Schultz,* 583 N.W.2d at 889.

These unambiguous and consistent rulings lead this Court to conclude that the Iowa Supreme Court would not find Arcadia's lien enforceable against a judgment creditor until it is noted on the Car's title. Pursuant to the foregoing, this Court finds that Arcadia's interest was perfected on March 25, 1999. Debtor took possession

of the Car on March 2, 1999. The interest was perfected more than twenty days after debtor took possession of the Car. Therefore, Arcadia is not entitled to the "enabling loan" defense of § 547(c)(3).

WHEREFORE, for the reasons set forth herein, Trustee's Motion for Summary Judgment is GRANTED.

FURTHER, Arcadia Financial's Motion for Summary Judgment is DENIED.

FURTHER, Arcadia Financial's lien in the Car is avoided and preserved for the benefit of Debtor's bankruptcy estate.